IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.

Dated: October 20, 2009



*Sarah Curley* (signature)
SARAH S. CURLEY
U.S. Bankruptcy Judge

1  Andrew M. Dudley (025005)
   **PHILLIPS & ASSOCIATES**
2  20 E. Thomas Road, Suite 2600
   Phoenix, Arizona 85012
3  Tel:   602.258.8900
   Fax:   602.230.2027
4  Email: andrewd@phillipslaw.ws

5  Attorneys for Debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| In re: | In Proceedings Under Chapter 13 |
|---|---|
| MICHELE LYNN RODGERS, xxx-xx-1440, | Case No. 2:09-bk-15696-SSC |
| 1642 E. Gail Drive Chandler, AZ 85225 | **STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE** |
| Debtor. | |

The Chapter 13 Plan having been properly noticed out to creditors,

**IT IS ORDERED** Confirming the Plan of Debtor as follows:

1. **INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan.

   a. <u>Future Earnings or Income.</u> Debtor shall make the following monthly Plan Payments:

   | Months | Payments |
   |---|---|
   | 1-12 (August 2009-July 2010) | $85.00 |
   | 13-36 (August 2010-July 2012) | $130.00 |

   The payments are due on or before the **6th day** of each month commencing <u>August 6, 2009</u>.

   Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. **Any funding shortfall must be cured before the plan can be discharged.**

   The Debtor shall provide, directly to the Trustee copies of her **federal** and **state** income tax returns for all years while in the bankruptcy case, within 30 days of filing. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

   b. <u>Other Property.</u> None.

2. **DURATION.** This Plan shall continue for **36 months** from the first regular monthly payment described in Paragraph 1(a) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

3. **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor.

    a.   Administrative expenses. Trustee shall receive such percentage fee of Plan payments as may be periodically be fixed by the Attorney General pursuant to 28 U.S.C. § 586(e), but not to exceed 10 %.

         Attorney Fees. Phillips & Associates shall be allowed total fees in the amount of $4,000.00. Counsel received $2,515.00 prior to filing this case and will be paid $1,485.00 by the Chapter 13 Trustee.

    b.   Claims Secured by Real Property.
**Citimortgage, Inc.** secured by lien on real property located at 1286 S. Boulder St., Unit A, Gilbert, AZ, shall be surrendered by the Debtor and upon confirmation or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered.

         **Western Skies HOA** secured by lien on real property located at 1286 S. Boulder St., Unit A, Gilbert, AZ, shall be surrendered by the Debtor and upon confirmation or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered.

    c.   Claims Secured by Personal Property.
**American General Finance** secured by furniture, shall be paid $250.00 together with interest at 4.25%. This claim is bifurcated and the balance of the claim shall be classified and paid as general unsecured.

    d.   Priority Claims. None.

    e.   Leases or Executory Contracts.
The following leases and/or executory contracts are rejected or assumed as follows:

| Party | Description | Action |
|---|---|---|
| Apartment Hunters | Residential Lease | Assume |
| Cox Communications | Internet Provider | Assume |
| Dish Network | Satellite Television | Assume |
| Verizon Wireless | Cellular Services | Assume |
| Verizon Wireless | Air Card Wireless Internet Provider | Reject |

    f.   Other Provisions. None.

    g.   Unsecured Claims. All other claims shall be classified as unsecured. Unsecured claims shall be paid the balance of the payments under the Plan pro rata. Any unsecured debt balance remaining unpaid at the end of the Plan shall be discharged. The Plan and this Order shall not constitute an informal proof of claim for any creditor.

4. **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this order. Property of the estate shall revest in the Debtor upon confirmation of the Plan.

Dated:_____

                                                UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM AND CONTENT:

PHILLIPS & ASSOCIATES

By: /s/ Andrew M. Dudley
Andrew M. Dudley
20 E. Thomas Rd., Ste. 2600
Phoenix, AZ 85012
Attorneys for Debtor

EDWARD J. MANEY
Standing Chapter 13 Trustee

By: /s/
Edward J. Maney, Trustee
Ronald L. Hoffbauer, Staff Attorney
P.O. Box 10434
Phoenix, AZ 85064

**CERTIFICATION OF DEBTORS:** I Michele Lynn Rodgers hereby certify as follows:

1. I have reviewed the foregoing Stipulated Order Confirming Chapter 13 Plan in this case, and that I approve same; and

2. I have filed all applicable Federal, State, and local tax returns as required by 11 U.S.C. § 1308; and

3. I have no domestic support obligations.

/s/ Michele Lynn Rodgers
Michele Lynn Rodgers

**Plan Summary.** If there are discrepancies between the plan and this plan analysis, the provisions of the confirmed plan control.
(1) Administrative Expenses: .................................................. $1,485.00
(2) Priority Claims .................................................................. $0.00
(3) Payments on Leases or to Cure Defaults, Including Interest ................. $0.00
(4) Payments on Secured Claims, Including Interest ........................... $266.73
(5) Payments on Unsecured, Nonpriority Claims ............................. $2,005.11
(6) SUBTOTAL .................................................................. $3,756.84
(7) Trustee's Compensation (10% of Debtor's Payments) ...................... $383.16
(8) Total Plan Payments ....................................................... $4,140.00

**Section 1325 analysis.**
(1) Best Interest of Creditors Test:
 (a) Value of debtor's interest in nonexempt property ...................... $1,820.91
 (b) Plus: Value of property recoverable under avoiding powers .............. $0.00
 (c) Less: Estimated Chapter 7 administrative expenses .................... $455.23
 (d) Less: Amount payable to unsecured, priority creditors ................... $0.00
 (e) **Equals:** Est. amount payable to unsecured, nonpriority claims if debtor filed Chapter 7 .............................................................. $1,365.68

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

(2) Section 1325(b) Analysis:
 (a) Amount from Line 58, Form B22C, Statement of Current Monthly Income ........................................................................ $0.00
 (b) Applicable Commitment Period ........................................... x 36
 (c) Section 1325(b) amount ((b)(1) amount times 60) ....................... $0.00

(3) Estimated Payment to Unsecured, Nonpriority Creditors Under the Plan ........... $2,005.11

In Re: Rodgers; Case # 2:09-bk-15696-SSC
Stipulated Order Confirming Chapter 13 Plan      3